BOUTWELL (GALVIN v.). See Case No. 5,207.

———

## Case No. 1,709.

BOUYSSON et al. v. MILLER et al.

[Bee, 186.] [1]

District Court, D. South Carolina. July 9, 1802.

### ADMIRALTY—FOREIGN ATTACHMENT.

Attachments may issue out of the admiralty courts of the United States, against the goods or debts of an absent person, so as to make him a party to the suit.

[Cited in Manro v. Almeida, 10 Wheat. (23 U. S.) 467; Reed v. Hussey, Case No. 11,-646; Smith v. Miln, Id. 13,081; Wilson v. Pierce, Id. 17,826; Atkins v. Fibre Disintegrating Co., 18 Wall. (85 U. S.) 305; The Alpena, 7 Fed. 363; Card v. Hines,

———

[1] [Reported by Hon. Thomas Bee, District Judge.]

36 Fed. 575; The Bremena v. Card, 38 Fed. 145. Distinguished in Atkins v. Fibre Disintegrating Co., Case No. 602.]
[See Clarke v. New Jersey Steam Nav. Co., Case No. 2,859; Atkins v. Fibre Disintegrating Co., 18 Wall. (85 U. S.) 272; Manchester v. Hotchkiss, Case No. 9,004. Contra, New England Ins. Co. v. Detroit Nav. Co., Id. 10,154; McGrath v. The Candalero, Id. 8,810.]

[In admiralty. Libel by Bouysson and Holmes against Miller and Ryley. Respondents' demurrer to the libel overruled.]

BEE, District Judge. The question before the court arises on a demurrer to the libel in this cause, which, though not expressly a plea to the jurisdiction, is intended to operate as such. The arguments of the counsel for the defendants suppose that this court cannot issue attachments against the property of absent debtors, so as to make them parties to a suit in the admiralty. It is contended that the court can proceed in rem, or in personam, but that an attachment against property is a different proceeding, and cannot issue from hence. Or, admitting that it could. can operate only against property on the high seas, or within the flux and reflux of the sea; as laid down in Clarke's Praxis, § 24. It was also contended that if this doctrine be admitted, third persons may be deprived of their property without a trial by jury. That when courts of common law have jurisdiction, this court has none. That as the court is not one of record, it must always shew its authority. That of the two clauses (24th and 28th) quoted from Clarke, the one is positive and the other not so; and that unless they are so construed as to be reconciled with each other, the authority is ambiguous.

On the other side it was said, that by the laws of the United States, vol. 2, p. 139 [Act Sept. 29, 1789; 1 Stat. 93, § 2], the proceedings in every admiralty cause must be according to the course of the civil law. That Clarke's Praxis is of the highest authority to shew what is the practice of courts of admiralty, as appears from 1 Atk. 296; 3 Durn. & E. [3 Term R.] 338; and 3 Bl. Comm. 108. That the practice as to attachments against the property of absent debtors, was peculiar to civil law courts, and has been adopted from thence, in some instances, by the courts of common law. And that when this court has original jurisdiction, it will extend it to all collateral matters.

This is a new question, and makes it necessary that the jurisdiction of this court as to matters civil and maritime should be investigated. By the 9th section of the judiciary law of congress [Act Sept. 24, 1789; 1 Stat. 76], it is declared that district courts, in addition to other powers therein mentioned, (and by subsequent acts, extended) shall have exclusive original cognizance of all civil causes of admiralty and maritime

jurisdiction. Hence it acts both as an instance and prize court, and its authority to do so was settled by the supreme court of the United States, in Glass' Case. See Dallas's Reports [3 Dall. (3 U. S.) 6]. In England, the court of admiralty, as court of prize, proceeds in rem; as an instance court, both in rem and personam. As both jurisdictions are united here, we must next inquire how they are to be exercised. The act of congress, 8th May, 1792 [1 Stat. 276, § 2], declares that the proceedings in cases of admiralty and maritime jurisdiction, shall be according to the principles, rules, and usages of courts of admiralty, as contradistinguished from courts of common law. Clarke's Praxis has hitherto been looked upon as the best book of its kind, and has been resorted to as of uncontraverted authority. The authorities already quoted recognize it as such. By the 24th section of this book we are told, that the contents of the preceding chapters must be understood of defendants personally arrested in a civil cause. But, "if he is out of the kingdom or so absconds that he cannot be arrested, then if he has any goods, wares, ship, or parts of a ship or vessel upon the sea, or within the flux and reflux of the sea, a warrant is to be taken out to these effects." The 28th clause goes further. "Sometimes the person to whom you have lent money, or who is indebted to you upon some maritime contract, cannot be met with, to be arrested, or has no goods that the marshal can come at, but you know where and in whose possession your debtor's goods are, or at least some person that owes your debtor money; in that case, you may sue out a warrant to the effect of the one specified in the 24th chapter." The English practice of admiralty courts is clear from these sections, in the cases therein stated. Courts of admiralty in this country are recently established, and furnish few precedents; but such as we have are conformable to the practice as laid down by Clarke.

As this is a suit for seamen's wages, it must be admitted that it relates to a contract of a maritime nature. This court, therefore, has jurisdiction of the original matter, and no less of what is merely incidental. Hopk. 140 [Dean v. Angus, Case No. 3,702]. I am of opinion, therefore, that the proceeding by attachment is agreeable to the rules and usage of admiralty courts. If the actors cannot proceed in this way, they lose all remedy whatever may be their right of action. To attach a debt works no greater injury, as it appears to me, than the attaching of goods; the party is not thereby deprived of any advantage which he could claim if personally arrested, the attachment operating only to bring him before the court. The principal question, being of admiralty jurisdiction, must be tried in this court, and in case of a decision against him, his attached goods or debts stand in the place of his person, unless he appears and redeems them.

As to depriving third persons of a trial by jury, it may be observed, that if the property of such persons be attached, they may appear, and, upon proper proof, may have it restored. I see nothing in the case of Del Col v. Arnold, 3 Dall. [3 U. S.] 333, to controvert what I have laid down. The fourth point investigated there was: "Whether the ship and her cargo could, before condemnation, be attached, and made liable in that suit to the captors;" and this strengthens the present decision, inasmuch as it implies that, after condemnation, such attachment would have been regular. Besides, the general question of the power in this court to issue attachments like the present was not before them, nor does any thing in that report tend to divest it of the jurisdiction it is called upon to exercise against the present defendants.

I have fully considered the circumstances and arguments brought before me, and am clearly of opinion, that attachments against the goods or debts of absent persons may issue out of this court of admiralty. Therefore, let the demurrer be overruled.

[NOTE. For trial of this case upon the merits, see Case No. 1,710.]